# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

**In RE:**

  Christine R. Slack        ,

       **Debtor(s)**

_____/

**Case #:** 12-07280-jrh
**Chapter 13**
**Hon. Jeffrey R. Hughes**
**Filed: 08/08/2012**

# ORIGINAL CHAPTER 13 PLAN

☐ Check this box if this plan deviates in any way from the model plan.  **Specify the deviations in Section IV. P.**

**I. PLAN PARAMETERS**

  **A. APPLICABLE COMMITMENT PERIOD - 11 U.S.C. SEC. 1325(b)(4)**

    ( )  The applicable commitment period (ACP) is 60 months.

    (X)  The applicable commitment period (ACP) is 36 months.  However the duration of payments may be extended to complete the proposed plan.

  **B. LIQUIDATION ANALYSIS:** The amount to be distributed to allowed unsecured claims shall not be less than the value of Debtor's non-exempt equity less the cost of sale and the statutory Chapter 7 administrative fees.  If applicable, the liquidation value of the estate as required by 11 USC § 1325 (a)(4) is $3,216.00.

**II. FUNDING**

  **A. PLAN PAYMENT:** The Debtor(s) shall make payments in the amount of $113.75 per (X) week, ( ) bi-weekly, ( ) semi-monthly, ( ) monthly, and/or ( ) Other (see "Additional Plan Payment Provisions" below) for the minimum of the Applicable Commitment Period (ACP).

    ( )  **Additional Plan Payment Provisions:**

**III. DISBURSEMENTS**

  **A. ADMINISTRATIVE CLAIMS.** The Debtor(s) shall pay in full, in deferred cash payments all allowed claims entitled to priority under 11 U.S.C. Section 507.

    **1.** Court Filing fee.

    **2.** Allowed Trustee Fee.

    **3.** Attorney fees exclusive of costs and expenses:  An initial fee of $3,000.00 less fees paid of $ 150.00 leaving a fee balance in the amount of $ 2,850.00 to be paid by the Trustee pursuant to the priorities set forth in paragraph IV H.4 of this Plan.

      **a.** ( ) Attorney fees shall be paid at the rate of $ _____ per month until paid in full pursuant to paragraph IV.H of the Plan.

      **b.** (X) Attorney fees shall be paid after all necessary equal monthly payments on secured continuing claims, secured claims, executory contract claims which is a modification of paragraph IV.H.

    **4.** Costs advanced to the Debtor's (paid out by the Attorney to the Clerk of the Court or the service provider) include:

      $ N/A filing fee (enter amount or N/A);

$ N/A     mandatory credit counseling or financial management class (enter amount or N/A):

$ N/A     other (explain).

**B.   PRIORITY CLAIMS   NONE.**

   **1.** Domestic Support Obligation  (DSO)[i],

     **a.** Pre-Petition DSO payments  - in arrears as of the petition date shall be paid directly by the Debtor unless marked below;

       ( ) by the Trustee

| Mandatory information: Name of DSO Payees | Monthly Amount | Estimated Arrears |
|---|---|---|
|  |  |  |
|  |  |  |

     **b.** Post-Petition DSO shall be paid directly by the Debtor because the Debtor is current on the DSO unless otherwise marked below;

       ( ) by the Trustee before all other priority creditors.

**Mandatory Information:**

| Name of DSO Payees | Amount / Frequency | Start Date | End Date | Age of Child(ren) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

   **2.** Priority Tax Claims are allowed claims under Section 507 and shall be paid in full by the Trustee.

Post-petition priority tax claims-absent objection, post-petition priority claims shall be paid in full pursuant to 11 U.S.C. Section 1305(a)(1) and (b).  Any portion of the § 1305 claim that is not paid through the Chapter 13 plan for whatever reason, including dismissal or conversion to Chapter 7, will remain non-dischargeable, even if the debtor(s) receive(s) a discharge.

**Mandatory Information:**

| Creditor | Estimated Amount[ii] | Nature of Debt |
|---|---|---|
|  |  |  |
|  |  |  |

   **3.** Other Priority Claims or Payment Provisions:

**C.   SECURED CREDITORS**

   **1.** Real Property:

     **a. Residential**: Post-Petition Mortgage Payments & Pre-Petition Arrears.  The following is the street address and the tax ID parcel number for the Debtor's residential real property:

Property #1 4726 Princess Drive, Shelbyville MI 49344 PPN: 08-11-005-309-00

---

i  The debtor will comply with 11 U.S.C. Section 1325 (a) (8) and shall, prior to confirmation of the Plan, provide the Trustee with an affidavit or other evidence (i.e. wage deduction, a statement from Friend of the Court, or a statement from the recipient) that all post-petition, pre-confirmation, DSO payments are current).

ii  Projected claims as follows: the amount stated is an estimate only;  the claim controls as to the amount of the debt.

| Creditor Name | Trustee Pay (Y/N) | Monthly Payment Amount | Estimated Arrearage[iii] | Taxes and insurance escrowed with lender? Y/N |
|---|---|---|---|---|
| #1  1st National Accept Co | Y | $314.00 | $3,000.00 | Taxes - Y; Insur - N |
| #2  Gun Lake Area Water & Sewer Auth | Y | N/A | $363.00 | N |

    **b. Non-Residential**: Post-Petition Mortgage Payments & Pre-Petition Arrears.  The following is the street address and tax ID parcel number for the Debtor's non-residential real property:

Property #1_____, Property #2_____

| Creditor Name | Trustee Pay (Y/N) | Monthly Payment Amount | Estimated Arrearage[iv] | Taxes and insurance escrowed with lender? Y/N |
|---|---|---|---|---|
| #1 | | | | |
| #2 | | | | |

Unless otherwise stated, Trustee calculation of the post-petition mortgage payment(s) amount due shall begin with the first day of the month following the month of the petition filing date.

    **c. Pre-Petition Real Property Tax Claims**:  Taxing authorities' claims on real property pursuant to State law will be paid pro-rata as set forth in IV H.7 unless a fixed monthly payment is set forth below after the post-petition on-going mortgage payments(s).[v]

| Taxing Authority | Amount | Delinquent Tax Years | Optional Equal Monthly Payment |
|---|---|---|---|
| | | | |
| | | | |

    **d. Real Property Tax Escrow:**

Debtor(s) will not utilize a tax escrow with the Trustee, unless marked below.

(  ) Debtor(s) will utilize a tax escrow through the Plan.  The Debtor must provide the tax bill to the Trustee.  The Debtor's must verify taxes are paid each year until Plan completion.  Tax escrow accounts will fund after on-going mortgage monthly payment but prior to other secured creditors.

| Real Property Address | Parcel Number | Taxing Authority | Monthly Escrow Amount |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

    **e. Wholly Unsecured Liens**: The following claims shall be treated as unsecured by this plan since there is no equity in the property to secure the claim.  Upon completion of the plan the lien and loan shall be discharged and the lien removed from the property.

---

[iii] The pre-petition arrearage is an estimate and the Trustee shall pay the pre-petition arrears based on the claim as filed by the Creditor.  Any claim filed for pre-petition arrears shall be paid through the Plan over a reasonable period of time and pro-rata with other secured creditors.

[iv] The pre-petition arrearage is an estimate and the Trustee shall pay the pre-petition arrears based on the claim as filed by the Creditor.  Any claim filed for pre-petition arrears shall be paid through the Plan over a reasonable period of time and pro-rata with other secured creditors.

[v] Creditors in this Class shall retain its lien on the real property pursuant to applicable State law and shall be entitled to receive its statutory interest and collection fees as set forth on its Proof of Claim.

A copy of the confirmed plan and the Trustee's plan completion letter may be recorded with the County Register of Deeds as evidence of discharge of lien.  **These creditors are as follows:**

| Property Address | Creditor | Claim Amount[vi] | Property Value | Senior Lien Amt. |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

2. Personal Property:
    a. **Pre-Confirmation Adequate Protections Payments (APP)**:  if the Trustee is to pay pre-confirmation adequate protection payments (APP) the secured creditor's name, address, and the account's number and payment amount must be provided, see LBR 3016.  The Trustee will not disburse an APP until proof of claim is filed with verification of a perfected lien.
    b. **Secured Claims NOT Subject to 11 U.S.C. Section 506**: each secured creditor in this class has a lien not subject to 11 U.S.C. Section 506[vii][viii].  Claims in this class shall be paid as follows plus an additional pro-rata amount that may be available from funds on hand at an interest rate specified below or the contract rates whichever is lower.

| Creditor, Address & Account Number | Collateral | Balance Owing | Int. % | Pre-Conf APP | Equal Monthly Payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

    c. **Secured Claims Subject to 11 U.S.C. Section 506[ix]:** claims in this class shall be paid as follows plus an additional pro-rata amount that may be available from funds on hand at an interest rate specified below or the contract rate whichever is lower.

| Creditor, Address & Account Number | Collateral | FMV | Interest Rate | Pre-Conf APP | Equal Monthly Payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

If the creditor files a claim with a balance owing which is different than the amount listed above, the claim shall control as to the amount of the debt, unless a party in interest objects to the claim.

---

vi  This is the Debtor's estimate as to the amount owing to the creditor.  The claim shall control as to amount of debt, subject to an objection filed by a party in interest.

vii  Such a claim is not subject to "cramdown" and will be paid the full balance owing.

viii  If the Debtor's collateral is destroyed, the Debtor, with consent from the secured creditor and Trustee, may use the collateral insurance proceeds to purchase substitute collateral; the creditor's lien shall attach to the replacement collateral.

ix Same as footnote viii..

**3. Secured Claims of the Internal Revenue Service and the State of Michigan shall be paid as stated below:**

| Creditor & Address | Collateral Real/Personal Property | Secured Claim Amount | Int % | Equal Monthly Payment |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

**4. Collateral to Be Surrendered/Executory Contracts to be rejected:** The below listed collateral is surrendered to the creditor or contracts to be rejected; the stay shall be terminated upon entry of the order confirming plan; any deficiency shall be treated as a general unsecured claim:

| Creditor | Collateral Description/Contract Description |
|---|---|
|  |  |
|  |  |

To the extent a creditor holding a junior lien has filed a secured claim such claim shall be treated as a general unsecured claim if the value of the collateral is equal to or less than the amount of the senior secured claim, absent an objection by a party in interest. **These creditors are as follows:**

| Property Address | Creditor | Claim Amount[x] | Property Value | Senior Lien Amount |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

**D.    EXECUTORY CONTRACTS (assumed)**

**1. Land Contracts**: the Debtor(s) assumes the following land contract(s):

| Creditor | Trustee Pay? Y/N | Est. Pre-Pet Arrears[xi] | Monthly Payment to Cure Arrears | On-Going Payment |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

**2. Other Executory Contracts** - The Debtor assumes the following contracts:

_____

---

x  This is the Debtor's estimate as to the amount owing to the creditor. The claim shall control as to amount of the debt, subject to an objection filed by a party in interest.

xi The arrears set forth above is an estimate only and the proof of claim shall control as to the total balance due, the monthly payment amount, the amount of the arrears and the number of months remaining unless a party in interest files an objection to the claim.

| Creditor and Account Number | Property Description | Payment Amount | # of Months Remaining | Est. Pre-Pet Arrears[xii] | Trustee Pay? Y/N |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

E.  **DIRECT PAYMENT BY THE DEBTOR OF THE FOLLOWING DEBTS;**

| Creditor, Address and Account Number | Collateral | Balance Owing | Interest % |
|---|---|---|---|
| | | | |
| | | | |

F.  **UNSECURED CREDITORS**

  1. **General Unsecured Creditors**: Claims in this class are paid from funds available after payment to all other classes. The payment allowed to the general unsecured claimants will be satisfied by:
     (X) Payment of a dividend of 100%. Plus present value of  0  %, if necessary to satisfy the Best Interest of Creditors Test, **OR**
     ( ) Payment of a pro-rata share of a fixed amount of $_____ set aside for creditors in this class or for the ACP, whichever pays more. This fixed amount shall be reduced by additional administrative expenses including attorney fees. However, this fixed amount shall not be reduced below the liquidation value specified in Provision l.B.

  2. **Special Unsecured Creditors:** Claims in this class may include co-signed debts (other than by co-filers), non-sufficient funds (NSF) checks, continuing professional services or non-dischargeable debts (i.e. such as student loans, criminal fines): If the ACP is 36 months, the claims listed below are paid,
     Pro-rata during the first 36 months or longer if the plan length extends beyond 36 months in order to pay a specific base amount to the general unsecured creditors.
     ( ) 1. The remaining balance shall be paid directly by the debtor(s) after completion of plan, **OR**
     ( ) 2. that portion of the special class creditor that can be paid during the remainder of the plan within 60 months from the date the first Plan payment is due.

| Creditor | Reason for Special Treatment | Interest Rate if Paying in Full Through Plan |
|---|---|---|
| | | |
| | | |

  3. The following special unsecured claims(s) are an exception pursuant to 11 U.S.C. Section 1322 (b)(1) and shall be paid as follows:

_____

xii The arrears set forth above is an estimate only and the proof of claim shall control as to the total balance due, the monthly payment amount, the amount of the arrears and the number of months remaining unless a party in interest files an objection to the claim.

IV. **GENERAL PROVISIONS**
  A. **DISPOSABLE INCOME & TAX REFUNDS**: Unless this Plan provides for a dividend of 100% to all timely filed, allowed general unsecured creditors, the Debtor(s) agrees to pay all disposable income as defined in 11 U.S.C. Section 1325(b)(1)(B) and (2) durring the Applicable Commitment Period (ACP).  Unless otherwise provided in this plan, debtors agree to remit to the Chapter 13 Trustee their tax returns and refunds and other disposable income for the ACP for administration pursuant to their plan or as otherwise ordered by the court.  Income tax refunds and other disposable income paid to the Trustee in the case of plan with a 36 month ACP will operate to decrease the term of the Plan to the ACP but not below the ACP rather than increase the dividend paid to general unsecured creditors.  The Debtor(s) agree to continue the same level of tax deductions as when the case was filed except as affected by changes in dependents and/or marital status.

  Based on the disposable income available the Trustee shall have the discretion without further notice to creditors to:
  1. increase the percentage to the unsecured creditors as a result of additional payments made under this provision subject to the limitation set forth in paragraph IV.A above.
  2. reduce the (length) of the plan but not below the applicable commitment period,
  3. determine if available funds are not disposable income when the Debtor provides the Trustee with supporting documentation and a stipulation regarding the same.

  B. **VESTING OF ESTATE PROPERTY**  Upon confirmation of the Plan, all property of the estate shall remain property of the estate until discharge or if marked below:
  (X) Pursuant to 11 USC § 1327(b) upon Confirmation of the Plan, all property of the estate shall vest in the Debtor except for (i) the future earnings of the Debtor; (ii) additional disposable income, and (iii) other property necessary to the Plan (including personal and real property as defined in the Plan and any associated insurance proceeds which may be used by the Debtor, with court approval, to purchase replacement collateral.) 11 USC § 348 (f)(1) remains effective in the event of a conversion to another chapter.
  In any case, all property of which Debtor retains possession and control shall be insured by the Debtor(s).  The Chapter 13 Trustee will not and is not required to insure assets and has no liability for damage or loss to any property in the Debtor's possession and control.[xiii]

  C. **PROHIBITION AGAINST INCURRING POST-PETITION DEBT & DISPOSAL OF PROPERTY**: During the term of this Plan, the Debtor(s) shall without Court approval: (1) incur debt in excess of $2500.00; (2) dispose of any real or personal property; or (3) dispose of any personal property claimed as exempt with a fair market value greater than $10,000.

  D. **UNSCHEDULED CREDITORS FILING CLAIMS**  If a creditor's claim is not listed in the schedules, but the creditor files a timely proof of claim, the Trustee is authorized to classify the claim into one of the classes under this Plan and to pay the claim within the class, unless the claim is disallowed.

  E. **ALLOWANCE OF LATE FILED CLAIMS**  Claims by unscheduled or omitted pre-petition creditors, without notice of the bankruptcy filing, may be deemed timely filed.

  F. **CLAIMS AND AMENDED CLAIMS**   If an allowed late claim, an amended claim, or a deficiency claim is filed and Trustee has disbursed to general unsecured creditors such allowed late claim, amended claim, or deficiency claim shall be paid the same dividend as previously paid to general unsecured claims, to the extent possible, even if the base to general unsecured claims exceeds the amount stated in the confirmed Plan.  The Chapter 13 Trustee shall not be required to recover any overpayments to general unsecured creditors as a result of the filing of the afore-mentioned claims.
   (I) With regard to secured claims filed by creditors holding security interests in real property that is surrendered pursuant to this plan, each such secured creditor must file an amended claim asserting its unsecured deficiency claim, if any, on or before the date 90 days after the foreclosure sale.  Failure to file the amended claim on a timely basis pursuant to this provision means that such secured creditor shall not be entitled to payment through the Chapter 13 Plan and such secured creditor's claim will be discharged upon entry of a discharge order in the case.
   (II) With regard to secured claims filed by creditors holding security interests in personal property surrendered in this plan, and executory contract holders or lessors whose contracts or leases are rejected under this plan, each such secured creditor, executory contract holder or lessor must file an amended unsecured claim for its deficiency balance or asserted contractual damages on or before

---

xiii 11 U.S.C. Section 348(f)(1) remains effective in the event of a conversion to another chapter.

the date 6 months (180 days) after the date of entry of the Confirmation Order.  Failure to file the amended claim on a timely basis pursuant to this provision means that such secured creditor, executory contract holder or lessor shall not be entitled to payment through the Chapter 13 Plan, and such secured creditor, executory contract holder or lessor's claim shall be discharged upon entry of a discharge order in this case.

   (III) Claimants holding wholly unsecured claims pursuant to Provision III. C. 1. e. shall file their claim on or before the general unsecured claim bar deadline.  If they do not file such claims(s) by that deadline, they shall receive no distribution.

G. **TRICKETT NOTICE**.

( ) **Check if Debtor(s) is taking the <u>State Entireties Exemptions</u>**: Joint claims must be paid in full if taking the state entireties exemptions.  Creditors are advised they have until the claim filing bar date as stated in the <u>Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines</u> to file a Proof of Claim in this bankruptcy proceeding.  If the creditor has a joint claim against the Debtor and spouse, the claim must be clearly marked "JOINT CLAIM".  The claims must include documentary support and be filed correctly.

H. **TRUSTEE POST-CONFIRMATION DISBURSEMENT**: Unless otherwise specifically stated in the Plan, the Chapter 13 Trustee shall disburse the funds as follows:

   **I. Priority of Payments**
   1. Unpaid <u>court</u> filing fees.
   2. Chapter 13 <u>Trustee administrative fee.</u>
   3. Monthly payments on any <u>domestic support obligation</u> entitled to priority pursuant to 11 U.S.C. Section 507(a)(1) paid through the plan.
   4. <u>Attorney fees and expenses</u>, as allowed by the Order Confirming the Plan or such additional attorney fees as are awarded pursuant to an Order of the Court, subject to monthly continuing claims payments.
   5. <u>Continuing claims</u>: Those secured claims on which the last payment is due beyond the length of the plan and paid a set monthly payment (subject to adjustment in paragraph D below) including but not limited to monthly mortgage payments, land contract payments and other long term non-modifiable debts such as executory contracts.
      If the post-petition mortgage payment is paid through the Plan, the Trustee is authorized
      A. to modify the on-going mortgage payment upon receiving a notice that has been issued by the mortgagee. The trustee may receive the notice from either the Debtor or the mortgagee,
      B. increase the Debtor(s) plan payment for any mortgage increase,
      C. amend a wage order for such increase with notice to the employer, Debtor(s) and Debtor(s) attorney, and
      D. adjust the post-petition mortgage payment date or the date through which arrears is calculated as needed to coincide with any pre-petition mortgage or land contract arrearage claim filed by the mortgagee or land contract vendor.
   6. <u>Other secured claims and executory contract claims on which the last payment will be come due within the plan duration and arrearage on the continuing claims</u> paid as equal monthly payments.
   7. <u>Arrearage on continuing claims and other secured claims without equal monthly payments</u> shall be paid on a pro-rata basis.
   8. <u>Priority Unsecured claims</u> on a pro-rata basis.
   9. <u>General Unsecured claims</u> on a pro-rata basis.

   **II. Creditor payment initial disbursement date**: payment designated as equal monthly payments on secured claims, executory contracts, priority unsecured claims, attorney fees, and tax escrow accruals shall be scheduled to commence the first day of the month following the month of the Petition filing date unless otherwise stated in the Plan.

I. **TAX RETURNS:** All tax returns due prior to this case filing have been appropriately filed, except:_____.

J. **DEBTOR ENGAGED IN BUSINESS.**  If the Debtor is self-employed and incurs trade credit in the production of income upon request by the Trustee, the Debtor will comply with:
   1. 11 U.S.C. Section 1304 (b) and (c) regarding operation of the business and duties imposed on the Debtor are incorporated herein by reference, and
   2. The Order Regarding Continuation of Business Operations entered in this case.

K. **EFFECT OF ADDITIONAL ATTORNEY FEES BEYOND THE NO LOOK FEE**. Additional ordered attorney fees shall be paid as administrative claims and shall not be paid out of the base previously disbursed to general unsecured creditors. The Chapter 13 Trustee shall not recover funds disbursed to general unsecured creditors to fund the attorney fees order.

L. **PLAN REFUNDS.** The Trustee may agree to reasonable refunds to the Debtor from the funds paid to the Trustee. The Plan duration may be extended to repay all refunds granted. The Debtor may be required to file a Plan Amendment.

M. **TRUSTEE'S AVOIDANCE POWERS.** The Debtor(s) acknowledges that both pre and post confirmation the Trustee has discretion to utilize certain avoidance powers pursuant to Sections 544, 545, 547, 548, 549, and 550. Notwithstanding any other language in this plan no lien shall be involuntarily avoided unless an adversary proceeding is filed. The Debtor(s) acknowledges that any action(s) brought by the Trustee, either pre or post confirmation, pursuant to these avoidance powers is preserved for the benefit of the Estate pursuant to Section 551. The Trustee may bring any avoidance action within the period of time set forth in Section 546.

N. **LIEN RETENTION:** Holders of allowed secured claims provided for by the Plan shall retain the lien securing such claim until the earlier of (i) the payment of the underlying debt determined under applicable non-bankruptcy law or (ii) a discharge. After either one of the foregoing events has occurred, creditor shall release its lien and provide evidence and/or documentation of such release within 30 days to Debtors(s). However if the case under this chapter is dismissed or converted without completion of the plan, such liens shall be retained by the holder to the extent recognized by applicable non-bankruptcy law. Holders of allowed secured claims with the last payment due after the final payment of the plan shall retain the lien pursuant to non-bankruptcy law after discharge.

O. **TERMINATION OF THE AUTOMATIC STAY.** Upon reviewing notice of the filing of a Motion for relief of the Automatic stay the Trustee shall cease disbursing payments to the secured creditor but shall reserve in escrow said payments until further order of the Court. On entry of an order terminating the automatic stay (pre-confirmation or post-confirmation) the Trustee shall make no further payments to that creditor and any reserved escrowed amounts shall be released for the benefit of the other creditors in accordance with the confirmed plan unless otherwise ordered by the Court.

P. **ADDITIONAL PROVISIONS:**
**IF ANY OF THE BELOW PROVISIONS CONTRADICT PREVIOUS SECTIONS OF THE PLAN, THEN THE BELOW PROVISIONS CONTROL.**

1. **Attorney Fees:**

   The "Initial Fee" in Part III.A.3 is the "No Look Fee" which may be approved upon confirmation of the plan without itemization. Additional attorney fees and costs may be approved to be paid through the plan or outside the plan if a Fee Petition with an itemization of Time and Expenses is filed and an order approving the additional fees and expenses is granted.

   Debtors have signed a Fee Agreement which provides for representation at hourly rates. Debtors have initialed their acknowledgement that they understand the terms of the Fee Agreement, the hourly rates charged, and that fees and expenses for representation from filing through dismissal or discharge may likely exceed the $3,000.00 "Agreed Fee."

2. Debtor will begin working with MSHDA to see if she qualifies for assistance through the Step Forward Michigan program. If accepted for assistance, Debtor May:

a. Execute a subordinate mortgage and note in favor of the Michigan Homeowner Assistance Nonprofit Housing Corporation (MHA) with terms of 0% interest, no payments required, and the principal amount is forgiven over a 5 year term at 20% per year.

b. Execute and record a MHA Mortgage Lien on the principal residence.

c. Accept Hardest Hit Funds assistance that will be paid directly to the mortgage lender.


Date:    08/17/12                                  /s/ Christine Slack
                                                   Christine Slack, Debtor



Date:    08/17/12                                  /s/ Kimberly S. Young
                                                   Kimberly S. Young (P71302), Counsel for the Debtor